IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA CAMPOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1443-S-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Martha Campos, a federal employee, filed a *pro se* petition in the Justice Court, Precinct 1, Place 1 for Dallas County, Texas, alleging claims against another federal employee, Kamaria Adams. *See* Dkt. No. 1-5. A designee of the United States Attorney General then certified under the Westfall Act that Adams was acting within the scope of her federal employment, automatically substituting the United States of America as the defendant. *See* Dkt. No. 1-10; 28 U.S.C. § 2679(d)(1). And the United States removed the case to this Court under 28 U.S.C. § 2679(d)(2). *See* Dkt. No. 1.

The presiding United States district judge referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On June 6, 2025, Campos moved to remand this case, asserting that the substitution and removal under the Westfall Act were improper. *See* Dkt. No. 6. Campos also filed an objection to the certification identified as a motion to strike,

requesting that the Court deny the substitution of the United States and remove the United States Attorney's Office as counsel of record. *See* Dkt. No. 8.

For the reasons set out below, the motions to remand and to strike should be denied.

## Discussion

The Westfall Act states that the "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). And based on this language, the Supreme Court has instructed that, "once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Osborn v. Haley*, 549 U.S. 225, 231 (2007). Therefore, the motion to remand should be denied.

As to the motion to strike or deny the substitution, Campos is correct that a plaintiff may object to the certification. *See De Martinez v. Lamagno*, 515 U.S. 417, 436-37 (1995). But "[s]ubstitution of the United States is not improper simply because the Attorney General's certification rests on an understanding of the facts that differs from the plaintiff's allegations." *Osborn*, 549 U.S. at 231. "The United States … must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of [her] employment." *Id.* (emphasis in original).

Attempting to simply strike the certification or the substitution at the outset of the case does not meet the high standard to prove the impropriety of the

substitution. And so, the motion to strike should be denied.

## Recommendation

The Court should deny Plaintiff Martha Campos's motion to remand [Dkt. No. 6] and should deny Plaintiff Martha Campos's motion to strike the Westfall certification [Dkt. No. 8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 16, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE